IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| EDGAR T. NUMRICH, | ) | Civil No.: 3:15-cv-00183-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| STATE OF OREGON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      Edgar T. Numrich
      P.O. Box 1381
      Lake Oswego, OR 97035-0539

          Plaintiff *Pro Se*

      Justin E. Kidd
      Department. of Justice
      1162 Court St. NE
      Salem, OR 97301

          Attorney for Defendant

JELDERKS, Magistrate Judge:

      Plaintiff Edgar Numrich brings this action against the State of Oregon (the "State") asserting claims he alleges arise under 43 U.S.C. §1983 and the Oregon Tort Claims Act (OTCA). The State now moves to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) and

FINDINGS AND RECOMMENDATION – 1

12(b)(6) or, in the alternative, moves for a more definite statement pursuant to Fed.R.Civ.P. 12(e).

For the reasons set out below, the State's motion to dismiss should be granted.

## Background

Plaintiff's Complaint is less than a model of clarity but his allegations appear to center on his inability to obtain a Preparer Tax Identification Number ("PTIN") in conjunction with his work as a commercial tax preparer and the State Employment Department's subsequent termination of his unemployment compensation benefits.

Plaintiff alleges that between February 1st and April 15th of each year from 2004 until 2009, he was employed as a full-time, seasonal tax preparer licensed by the State of Oregon Board of Tax Practitioners. He alleges that in 2010, the State promulgated a law that required commercial tax preparers to obtain a PTIN through the Internal Revenue Service and maintain licensing through the State in order to work as a paid income tax preparer. Plaintiff alleges that because he was not able to obtain a PTIN beginning in December, 2010, he has not been licensed to prepare income tax returns since October, 2010 and, consequently, he not been employed as a commercial income tax preparer since February, 2009.

Plaintiff also alleges that the State terminated his unemployment benefits and demanded repayment for certain benefit payments that previously had been awarded to him. Plaintiff alleges that he filed a "Notice of Claim" with the State's Department of Administrative Services on March 18, 2014. Plaintiff seeks declaratory relief, compensatory and punitive damages and costs and fees.

FINDINGS AND RECOMMENDATION – 2

**Standards for Evaluating Motions to Dismiss Pursuant to Rule 12(b)(1)**

"'A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle [him] to relief.'" Colwell v. Department of Health and Human Services, 558 F.3d 1112, 1121 (9th Cir.2009)(quoting Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir.2002), cert. denied, 537 U.S. 973 (2002)). The party asserting a claim bears the burden of establishing that it has standing and that the matter is ripe for adjudication. Id. (citing Renne v. Geary, 501 U.S. 312, 316 (1991)).

A moving party may base a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of jurisdiction on the allegations of the complaint, or may bring a factually based motion "by presenting affidavits or other evidence properly brought before the court...." Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n. 2 (9th Cir.2003), cert. denied, 541 U.S. 1009 (2004). If the motion to dismiss for lack of jurisdiction is factually based, the court may look beyond the allegations of the complaint. Id. (citing White v. Lee, 227 F.3d, 1214, 1242 (9th Cir.2000)). If the moving party supports a motion to dismiss for lack of jurisdiction with evidence, the nonmoving party "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. The court's consideration of extrinsic evidence presented in support of and opposition to a motion to dismiss for lack of subject matter jurisdiction does not convert the motion to a motion for summary judgment. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir.1988), cert. denied, 489 U.S. 1052 (1989). If necessary, a court presented with a factually based motion to dismiss on jurisdictional grounds may resolve factual disputes. See Berardinelli v. Castle & Cooke, Inc., 587 F.2d 37, 39 (9th Cir.1978).

FINDINGS AND RECOMMENDATION – 3

**Standards for Evaluating Motions To Dismiss Pursuant to Rule 12(b)(6)**

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted. Jacobsen v. Hughes Aircraft Co., 105 F.3d 1288, 1292 (9th Cir.1997) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)).

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). The court must liberally construe a pro se plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F. 2d 621, 623 (9th Cir. 1988).

**Discussion**

It is apparent from the face of the Complaint that to the extent Plaintiff asserts any legally cognizable claim against the State of Oregon, this Court lacks subject matter to consider those claims. The Eleventh Amendment bars suits in federal court against the state or its agencies for all types of relief, absent unequivocal consent by the state. Pennhurst v. Halderman, 465 U.S. 89, 100–101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Unequivocal consent is not present here.  In addition, the Supreme Court has determined that a State is not a "person" subject to suit under 42 U.S.C. §1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 67 (1989). Therefore, Plaintiff's claims against the State of Oregon necessarily fail.  Accordingly, Plaintiff's Complaint should be dismissed and, because it is apparent that the deficiencies of the Complaint cannot be cured by amendment, the dismissal should be with prejudice.

FINDINGS AND RECOMMENDATION – 4

Given my conclusion that Plaintiff's claims are barred by the Eleventh Amendment, I find it unnecessary to address the State's remaining arguments, including that Plaintiff's claims are barred both by the statute of limitations and issue preclusion.  In addition, in light of my recommendation that the State's motion to dismiss be granted, its alternative motion for a more definite statement should be denied as moot.

## Conclusion

For the reasons set forth above, the State's motion to dismiss [#8] should be GRANTED and its alternative motion for a more definite statement should be DENIED as moot.  A judgment should be entered DISMISSING this action with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due July 13, 2015.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 17th day of June, 2015.

       /s/ John Jelderks
John Jelderks
U.S. Magistrate Judge

FINDINGS AND RECOMMENDATION – 5